## EDWARD BEETHAM *vs. Inhabitants of* LINCOLN.

If but one incorporated town adjoin an unincorporated plantation, still such town is not liable, under *stat.* 1821, *c.* 122, § 9, for the support of a pauper residing on the plantation, unless the inhabitants thereof are usually taxed in that town.

If an inhabitant of a plantation furnish supplies to a pauper found therein, having a settlement in an adjoining town, he cannot recover therefor against such town, under the same statute, § 18, on an implied promise.

But if the expenses were incurred at the request of a majority of the overseers of the town, or upon their promise of repayment, an action may be sustained.

A pauper, supported by a town wherein his settlement is, within the limits of a plantation at the time of its incorporation into a town, does not thereby acquire a settlement in the new town.

THE plaintiff, an inhabitant of an unincorporated plantation, called *Number One*, adjoining upon the town of *Lincoln*, but on no other town, brought this action *for the support of one Benjamin Crocker*, from *September* 15, 1833, to *April* 22, 1834. It was not proved that this plantation was taxed in *Lincoln*. On the 26*th* of *February*, 1834, the plantation was incorporated into a town by the name of *Chester*, at which time *Crocker* was residing in the family of the plaintiff, on the plantation, and supported by him as a pauper. Prior to the incorporation, and subsequent thereto, unless his settlement was thereby transferred to *Chester*, *Crocker* had a legal settlement in *Lincoln*. On the 21*st* of *September*, 1833, the plaintiff gave a written notice to the overseers of *Lincoln*, that *Crocker*, an inhabitant of their town, was at his house, in need of immediate relief. The plaintiff introduced evidence tending to show, that one or more of the overseers of the poor of *Lincoln* had promised the plaintiff, that he should be paid, if he would take care of *Crocker*; that *Crocker* was poor and in need of immediate relief; and that he had supported him during the time charged. The defendants introduced evidence tending to show, that no such promise had been made by the overseers, or either of them.

The *Counsel* for the defendants requested the Judge to instruct the jury that the action could not be maintained, there being no provision in the *stat.* 1821, *c.* 122, for a plaintiff, residing in an

unincorporated plantation, not taxed in an adjoining town, to maintain his action for the support of a pauper, even upon an express promise; that the action could not be maintained upon an express promise, unless it were made by two or more of the overseers; and that if the action could be maintained, the plaintiff could not recover after *February* 26, 1834, because *Crocker* then had a settlement in *Chester*, by the act of incorporation. The trial was before *Emery J.* who declined thus to instruct them, and gave them the following. If the said *Crocker* had fallen into distress and stood in need of relief, and was supported as alleged, to find their verdict for the plaintiff for the whole time charged. And the Judge directed the jury to consider and be prepared to answer, whether if an express promise had been made with the plaintiff, it had been made by one or more of the overseers of *Lincoln.*

The jury found a verdict for the whole time, and answered, that there was an express promise made, but made by one of the overseers only. After the jury had separated, the plaintiff requested the Court to inquire of the jury, if the other overseers did not assent to such express promise, which the Judge declined to do.

*Abbott,* for the defendants, argued in support of the grounds taken at the trial, and also contended, that he was entitled to judgment, notwithstanding the verdict. He cited *stat.* 1821, *c.* 122; *Mitchell* v. *Cornville,* 12 *Mass. R.* 333; *Blakesburg* v. *Jefferson,* 7 *Greenl.* 125; *Dalton* v. *Hinsdale,* 6 *Mass. R.* 501; *Windsor* v. *China,* 4 *Greenl.* 298; 1 *Tidd's Pr.* 616; 2 *Tidd's Pr.* 840; *Hagar* v. *Weston,* 7 *Mass. R.* 110.

*F. H. Allen* and *Poor,* for the plaintiffs, controverted the positions taken in defence, and contended that they ought to retain their verdict. They cited, and relied on, the same statute, § 9; *Hallowell* v. *Gardiner,* 1 *Greenl.* 93; *Belfast* v. *Leominster,* 1 *Pick.* 123; *East Sudbury* v. *Waltham,* 13 *Mass. R.* 460; *East Sudbury* v. *Sudbury,* 12 *Pick.* 1.

The opinion of the Court was by

WESTON C. J. — We are not satisfied, that the facts present a case, under the ninth section of the act for the relief of the poor, *stat.* of 1821, *c.* 122, as it does not appear, that the inhabitants of the unincorporated place, where the pauper resided, were usually

taxed in *Lincoln*. It is admitted, however, that the pauper had his legal settlement in that town. By the third section of that statute, it is made the duty of every town, to relieve and support all poor and indigent persons, lawfully settled therein, whenever they shall stand in need of relief. And in the fourth section, the overseers are charged with the performance of this duty.

As the place, where the pauper resided, adjoined no other town, they could not be relieved from the duty by the overseers of any other town, under the ninth section. Upon these facts, we entertain no doubt, that the overseers of *Lincoln* had authority to provide for the support of the pauper in question. It imposed no additional burthen upon the town, but was done in the discharge of a legal liability, in a matter within their proper department.

If, however, the plaintiff supplied the pauper, without the authority and direction of the overseers, we perceive no sufficient ground for an implied promise against the town. Nor could the plaintiff, not being an inhabitant of the town, entitle himself, under the eighteenth section of the same law, to an action for the reimbursement of his expenditures, after notice to the overseers. But if the expenses, sought to be recovered in this action, were incurred at the request of a majority of the overseers, or upon their promise that they should be repaid, we are of opinion, that the action may be sustained. Upon this point, the finding of the jury is not explicit, and for this reason, we set aside the verdict. If it should turn out, that the pauper was supported as such by the overseers of *Lincoln*, within the bounds of what is now *Chester*, at the time of its incorporation, we do not think that he thereby gained a settlement in *Chester*. The generality of the terms used, in this mode of gaining a settlement, has been limited in analogous cases. As where a residence of ten years, by which, and the payment of taxes five, a settlement might be gained, was part of the time as a pauper, at the expense of another town. *East Sudbury* v. *Waltham*, 13 *Mass. R.* 460 ; *East Sudbury* v. *Sudbury*, 12 *Pick.* 1. Nor can minors not emancipated, or femes covert gain a settlement in this mode, distinct from their parents or husbands. *Hallowell* v. *Gardiner*, 1 *Greenl.* 93.

*New trial granted.*