. ADOLPH MEYER vs. THE TOWN OF PRAIRIE DU CHIEN, Appellant.

APPEAL FROM CIRCUIT COURT, CRAWFORD COUNTY.

Heard July 23.]                    [Decided Aug. 11, 1859.

*Bill of Exceptions—Pauper—Justice of the Peace—Pleadings.*

Without a bill of exceptions it will be presumed that the liability of a party, as found by the verdict, is established by proper legal evidence.

The liability of a town to support its paupers, is by statute rendered clear and indisputable; and this liability may be enforced by an action; but whether with or without presenting the account to the town board to be audited and allowed in the first instance, it will be presumed that the cause of action is established, unless the contrary appear.

A bill of items, in the form of an account stated, sets forth in substance a good cause of action in a justice court, though a party may object and thus compel a more formal complaint to be made.

Strictness in pleadings is not required in a justice court, and almost everything which is mere form, will be disregarded, unless the defective pleadings are objected to.

This action was commenced before a justice of the peace of the town of Eastman, in Crawford county. The account filed in the justice's court was in the words and figures following, viz:

" The Town of Prairie Du Chien, *Dr.*
               " To Adolph Meyer,
" To care and boarding pauper, from the 14th of June to

Meyer vs. Town of Prairie du Chien.

the 7th of August, 1858, while sick, making seven weeks and five days, at $10 per week.".

The further facts are sufficiently stated by the court in the opinion.

*Bull & King*, for the appellant.

*W. Knowlton and Thomas*, for the respondent.

*By the Court*, COLE, J. This action was commenced before a justice of the peace. The respondent, in the language of the old practice, declared upon an account against the town for boarding and taking care of a pauper. A judgment was rendered in his favor in the justice's court, from which the town took an appeal. On the trial in the circuit court the jury gave a verdict in favor of the respondent for sixty dollars. Thereupon the counsel for the town moved to set aside the verdict and in arrest of judgment for the reason substantially that the account filed showed that the respondent had no cause of action against the town. This motion was overruled, and the correctness of the decision of the circuit court overruling this motion in arrest, is the only matter we have to consider on this appeal.

No bill of exceptions or case has been signed and settled, preserving the evidence offered upon the trial, and therefore we must presume that the respondent made out his case to to the satisfaction of a jury, by legal and competent testimony. For aught that appears, the authorities of the town may have made an express contract with the respondent to board and take care of its pauper, for the stipulated amount sued for. At all events we must presume, from the record, that the liability of the town was fully established in the proper manner. By express provision of the statute (§ 1, chap. 34, Rev. Stat., 1858,) every town is required to relieve and support all poor and indigent persons lawfully settled therein, whenever they

Meyer vs. Town of Prairie du Chien.

shall stand in need thereof. The duty of the town to support its paupers is thus by statute rendered clear and indisputable

The counsel for the town does not seem to contest the liability of the town to support its paupers, but insists that the respondent has mistaken his remedy. He contends that the respondent should have presented his account to the town board of supervisors to be audited and settled, and taken an order of the town for the amount allowed. But certainly there is nothing upon this record to show, even if this position were sound, which we do not affirm, that the respondent did not clearly establish the fact before the jury, that he had presented his claim to the town board, and that that body disallowed it. As there is no bill of exceptions we must assume that the respondent proved every fact necessary to maintain his action.

We can only consider whether the account which is the foundation of the suit, sets forth a cause of action against the town. And upon this point we have no doubt. It does not admit of controversy, that the town board of supervisors may make a valid contract for the support of its poor. We therefore think the account set forth a good cause of action against the town in substance. If an objection had been taken, the respondent might have been compelled to file a more formal complaint, setting forth the facts constituting the cause of action. But this was not done, and this court has frequently decided that in actions before justices of the peace, parties will not be held to strictness in their pleadings, and that almost everything which is mere form will be disregarded, unless the defective pleading is objected to.

As the account sets forth a cause of action, in substance, against the town, the judgment of the circuit court must be affirmed.