DAVID J. PERLEY *versus* INHABITANTS OF OLDTOWN.

Towns are, by the statute, bound to furnish *actual* relief, after notice, to persons in need thereof; and, when a town fails to do this, an inhabitant thereof, (who is not liable for the pauper's support,) may provide the necessary relief, and recover for the expense thereof against the town, notwithstanding the overseers had contracted to have the relief afforded with one who failed to do it.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

THIS was an action of ASSUMPSIT, on an account annexed, for medicine and attendance on the wife of one *Raucho*, whose family had become chargeable to the defendant town as paupers. There was also a count founded on c. 24, § 32, of the R. S.

The plaintiff testified· that he was called by Raucho to visit his wife, who had previously been visited by Doct. Fortier; that, after his third visit, having been informed that Raucho and his family had become chargeable to the town, he notified Mr. Hoskins, one of the overseers, of the condition of Raucho's wife, that she needed medical aid, and that, for payment for all future attendance and services, he should look to the town. Hoskins replied, "that Raucho belonged to Bucksport and he would get his pay; that he would put his bill into the Bucksport bill." That he continued to attend her, as charged in his account; and, while visiting her, neither Fortier nor any other physician, to his knowledge, came there or notified him, or tendered his services, nor did either of the overseers go to Raucho's. At that time the small pox was in that part of the town and Fortier was employed to take care of the cases — but none of the Raucho family had it.

That the case of Raucho's wife was one of necessity — she was confined to her bed, and required medical aid. Her sickness was a chronic trouble, of some years' standing, and Fortier had previously attended her for it.

*In defence.* S. W. Hoskins testified that Raucho resided in the small pox district, and, being shut up, fell on the town; that Doct. Fortier was employed by the town in the cases of small pox. The plaintiff informed witness that Raucho wanted him to doctor for his wife's sickness; that he told plaintiff he must not go there, that Fortier was to take care of that neighborhood—has no doubt he told plaintiff he would assist him in getting his pay of Bucksport. There was no physician employed by the town generally.

The Judge was requested by the plaintiff to instruct the jury, if they find that the overseers of the poor, at the time the plaintiff rendered services to Raucho's wife, as charged in his account, were employing Doct. Fortier, generally, to take care of the district or neighborhood where Raucho lived; unless they further find that Fortier, or some other physician, employed by the overseers, actually attended on the Raucho family, or offered to do so, after plaintiff's application to Hoskins, the overseer, the plaintiff is entitled to recover for such services rendered after such application. Which instruction the Judge declined to give, but instructed the jury that, if the Raucho family was on the town at the time, and this was known to the plaintiff, and, also, that Fortier was employed to take care of that district generally, and plaintiff knew it, and plaintiff was forbidden to attend on them, he cannot recover.

The plaintiff excepted, the verdict being against him.

*J. H. Hilliard,* in support of the exceptions.

*Sewall,* contra.

The opinion of the Court was drawn up by

MAY, J.—It is made the duty of overseers of the poor, in their respective towns, to provide for the immediate comfort and relief of all persons, residing, or found therein, falling into distress, and standing in need of such relief; but, until such relief is furnished, towns are held liable to pay any expense necessarily incurred therefor, by any in-

habitant not liable by law for the support of such person, after notice and request to the overseers whose duty it is to make the provision. R. S. of 1841, c. 32, § 48, which were in force when the services, now sued for, were performed. Under this statute, and we are not aware of any difference in the present R. S., c. 24, § 32, it is clearly the duty of overseers of the poor to see that suitable provision is *actually made* for the suffering poor within their towns, whenever they have notice that any such have fallen into distress and stand in need of immediate relief. It is not enough that they contract with other persons to provide it. Such persons may violate their contracts, and the necessary provision for relief may not be made. There is quite a difference between *actual relief furnished* and a *contract for it;* and any construction of the statute, that makes the latter a substitute for the former, in such a sense as to exonerate the overseers of the poor from further duty, and deprive the humane inhabitant of the right to recover for supplies actually furnished, after notice and request, in cases of *actual necessity, still existing, notwithstanding the making of any such contract,* would be in derogation of the manifest purpose of the statute, and an outrage upon that public humanity which not only originated, but was the basis of our pauper laws.

When the necessary relief has in fact been furnished by the overseers of the poor, then the right of the inhabitant to recover for such as he may afterward provide ceases, because the necessity for individual action no longer exists. But, so long as the necessity for immediate relief exists, and it is actually unprovided, and not offered, the law contemplates that the individual inhabitant who furnishes it shall be remunerated by the town. *Underwood* v. *Inhabitants of Scituate,* 7 Met., 214. Nor will the mere fact that he had knowledge that the overseers of the poor had employed some other person to furnish the necessary supplies, take away his right to recover therefor, unless it further appears that he had, at the time of furnishing the supplies, reasona-

ble ground to believe that they would be seasonably furnished by the overseers of the poor; and it ought, perhaps, also to appear that they would in fact have been so furnished.

In the case before us, Doct. Fortier having neglected to render the needed services, notwithstanding his employment therefor, of which there is evidence, and of which the plaintiff had knowledge, the plaintiff, notwithstanding he was forbidden to do so, might, after notice to the overseers and their neglect to make further provision, very properly render, at the expense of the town, the services which the immediate necessity of the pauper's case required. Any other rule, in a case like the present, would permit the ravages of disease to outrun the benevolence of the statute, and the death of the pauper might be the result. Whether such a state of facts existed in this case, as to justify the plaintiff in charging his services to the defendant town, was a question for the jury under suitable instructions. Those which were given, not being in harmony with the principles which we have indicated, and those which were requested having been withheld, the exceptions must be sustained.

*Exceptions sustained.*

TENNEY, C. J., RICE, APPLETON, CUTTING and KENT, JJ., concurred.