The Town of Dakota vs. The Town of Winneconne.

THE TOWN OF DAKOTA VS. THE TOWN OF WINNECONNE.

*September 21 — October 10, 1882.*

POOR LAWS. *Liability of one town to another for support of poor of former.*

Expenditures made by one town in supporting a pauper for whose support another town is legally liable, may be recovered in an action against the latter town, although the plaintiff town did not enter into a written contract for such support, or keep a record of the same, or pass a formal order for payment and have the same regularly entered of record. *McCaffrey v. Town of Shields,* 54 Wis., 645; *City of Oconto v. C. & N. W. R'y Co.,* 44 id., 231.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

AUGUST TERM, 1882.          523

The Town of Dakota vs. The Town of Winneconne.

" This action is to recover $141.75 for the support of William Fox, an alleged pauper, having a legal settlement in *Winneconne*, between January 1, 1878, and December 3, 1878.   It is alleged in the complaint and admitted in the answer, that prior to January 1, 1878, the county system was in force in Winnebago county, and that the county had paid for the support of Fox as a pauper, but that about January 1, 1878, and prior thereto, the county system had been abolished.   It was also admitted that the plaintiff had, before suit, demanded of the defendant the amount claimed, and its refusal to remove and support Fox.   The answer denies any knowledge or information sufficient to form a belief, as to whether Fox was a pauper during the time, or was sick or required assistance or medical aid,— or as to the value of the assistance rendered or the amount expended, or whether he had any money or property.   It also put in issue the legal settlement of Fox in *Winneconne.*

" Upon the trial and after the plaintiff had given evidence tending to prove that the alleged pauper had a legal settle ment in *Winneconne;* that the chairman of the town board of *Dakota* was called upon to aid him, and did commence aiding him as early as November, 1877; that the chairman thereupon notified the chairman of *Winneconne* of the facts; that Fox's health was very poor for the year 1877 and to December, 1878; that he was not able to labor at all, and was under medical treatment some of the time; that the town of *Dakota* had supported him during the time under the general charge of the chairman; that there was expended for his support during the year 1878, $149.25, which amount was actually paid by the town for his support, medical treatment and care during the year 1878, on account of which a demand for payment was sent to the supervisors of *Winneconne* in December, 1878, the plaintiff town offered to prove by parol, that: ' The money was paid and expended by the authority of the town board and by direction of the town

524        SUPREME COURT OF WISCONSIN,

The Town of Dakota vs. The Town of Winneconne.

board of *Dakota.*' To which the defendant objected unless the record of it were shown, which objection was sustained, and the plaintiff excepted. Thereupon the plaintiff identified the town records, and then offered and read in evidence several extracts therefrom, and other evidence tending to prove that at a meeting of the town board of supervisors January 12, 1878, the board took action in relation to presenting to the county an account for previously supporting Fox as a pauper; that at a meeting of the board November 27, 1878, the chairman submitted an affidavit of Fox, of his condition, which was by their direction filed, and they ordered and determined, that the chairman and clerk draw orders on the town to the amount of $28.88; also of a meeting of the board December 3, 1878, at which it was ordered and determined, that the chairman demand payment of *Winneconne* of the account in suit, with directions in case payment was refused, to employ an attorney and prosecute the defendant; also a meeting of the board May 23, 1879, at which it was ordered and determined, that the chairman commence suit for the amount of the account as payment had been demanded and refused; also evidence tending to prove that the plaintiff town had made a parol contract with Wampole for the support of Fox; and also offered in evidence the record and stubs of orders given from time to time in payment of various items making up the account, and a certificate that the stubs had been canceled by the board and the orders burned in the presence of the board; and in that connection the record of a meeting of the board on which they authorized the chairman and town clerk to issue orders for the support of Fox, a pauper, and for other necessary expenses in maintaining the pauper, all of which were excluded, and the plaintiff excepted. The plaintiff also offered to prove by parol, that the plaintiff paid Wampole the amount sued upon according to the contract made with him for the support of Fox; that the chairman was instructed

by the board to make the contract with Wampole for the support of Fox; and that the items in the account were allowed by the board, all of which was excluded, and the plaintiff excepted. The plaintiff also offered to prove by parol, that the orders were issued to Wampole in payment for the board and medical attendance upon Fox, that the account therefor was allowed by the board, all of which was excluded, and the plaintiff excepted. It was admitted by the defendant, that the county paid for keeping the pauper up to January 1, 1878, and that the account sued upon accrued thereafter. The plaintiff rested, and thereupon the defendant moved for a nonsuit, which was granted by the court, to which ruling the plaintiff excepted, and from the judgment entered thereon this appeal is brought."

For the appellant there were briefs by *R. L. D. Potter* and *Geo. D. Waring*, and oral argument by *Mr. Waring.*

For the respondent the cause was submitted on the brief of *Chas. W. Felker.*

CASSODAY, J. In support of the rulings of the trial court it is urged, in effect, that before *Winneconne* could be held liable for the support of its pauper by *Dakota*, it was incumbent upon the plaintiff to show by the records of the town board of the plaintiff town that the supervisors of that town, acting in a body, and upon a complaint made to them as such, provided the support required by the statute, or made a binding contract with some one else to provide such assistance, and thereupon paid for the same. The question has, however, recently been determined otherwise by this court. In *McCaffrey v. Town of Shields*, 54 Wis., 645, the chairman of the board of supervisors of Shields, in the presence of another supervisor (who remained silent), procured the plaintiff to keep the alleged pauper at his hotel, under a promise that the town of Shields would pay him therefor, representing to him that the town was chargeable for her

maintenance. The plaintiff kept the pauper for sixty days, and then presented his bill therefor, which the town refused to allow, and thereupon brought an action therefor, which resulted in a nonsuit in the trial court, but the judgment entered thereon was reversed by this court. There was much less evidence in that case to support the plaintiff than there is in this, for in that case the contract or promise to the plaintiff was made in an adjoining town, by only one of the supervisors, in the silent presence of one other. Certainly there was no meeting of the board. We have no disposition to add anything to the reasoning of the opinion in that case. Within the rule thus established, and upon the evidence here presented, there can be no question but what Wampole had a good cause of action against the town of *Dakota;* and if he could recover against the plaintiff, it is quite evident that the plaintiff can, under the statute, recover against the defendant. Secs. 21–27, ch. 34, R. S. 1858; secs. 1512–1514, R. S.; *Town of Scott v. Town of Clayton,* 51 Wis., 185; *S. C.,* 54 Wis., 499. The mere fact that the plaintiff town did not enter into a written contract for such support, or keep a record of the same, or pass a formal order for payment and have the same regularly entered of record, furnishes no defense to expenditures properly made and which the defendant town was bound by statute to repay. *City of Oconto v. C. & N. W. Railway Co.,* 44 Wis., 231. Assuming that the pauper had a legal settlement in the defendant town, then it could not, by neglecting its own legal duty, compel the plaintiff town to make the expenditures in question and still be in a position to defeat a recovery upon the mere technical ground that the expenditures were not first contracted for nor authorized by the full board, and then not afterwards audited nor directed to be paid by the full board. *Ibid.* The plaintiff town having given the defendant town the requisite notice to take charge of the pauper, the liability of the latter became fixed. In addition to this, the account was presented

and payment demanded, and the same was refused. Under the recent decisions of this court, above cited, the evidence admitted, and the testimony offered and rejected, would seem to be sufficient to justify a verdict.

For the reasons given, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.*— So ordered.