BEACH, Appellant, vs. THE TOWN OF NEENAH, Respondent.

*September 4 — September 26, 1895.*

*Relief and support of the poor: Liability of town: Implied contract with physician: Court and jury: Notice.*

1. A town may be liable upon an implied contract for the relief and support of paupers having a settlement therein.
2. Upon the evidence in this case — showing that plaintiff, who had been attending as a physician a family of poor persons, notified the chairman of the town board that they were entirely destitute and that the town would have to take charge of the case; that the chairman said they should have whatever they required, and the town would not see them want; that the chairman knew plaintiff was attending the family as a physician; and that plaintiff thereafter continued such attendance — it is *held* that it was a question for the jury whether the chairman had impliedly agreed that the town should pay for plaintiff's services after such notice.
3. Notice, in such a case, to one of the supervisors of the town seems to be sufficient.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

The facts are stated in the opinion. The plaintiff appeals from a judgment of nonsuit.

*Byron S. Sanders,* attorney, and *Silas Bullard,* of counsel, for the appellant, to the point that the respondent would be

liable on an implied contract, cited *Nelson v. New York,* 63 N. Y. 535, 545; *Argenti v. San Francisco,* 16 Cal. 255; *Athens v. Thomas,* 82 Ill. 259; *Kramrath v. Albany,* 127 N. Y. 575; *Bank of Chillicothe v. Chillicothe,* 7 Ohio, 358; *Buckley v. Derby F. Co.* 2 Conn. 252.

For the respondent there was a brief by *Henry Fitzgibbon,* attorney, and *Barbers & Beglinger,* of counsel, and oral argument by *Mr. Fitzgibbon* and *Mr. Charles Barber.* To the point that the town can only be chargeable for services of this kind when rendered by virtue of some contract made with its officers for such services, they cited *Jones v. Lind,* 79 Wis. 64, 67.

CASSODAY, C. J. The plaintiff is a physician, and he brought this action to recover for services as such, in attending upon the family of one Wallace Sawyer, who were, at the time, alleged paupers having a settlement in the defendant town. The defendant denied all liability, and at the close of the plaintiff's testimony the court granted a nonsuit on the ground that the evidence failed to establish an express contract of employment. From the judgment entered thereon accordingly, the plaintiff brings this appeal.

It appears from such evidence, in effect, that for some weeks prior to November 29, 1891, the plaintiff had attended Sawyer's family as such physician; that on the day and year last named he saw the chairman of the board of supervisors of the town in relation to the matter, and told him that there were at that time four or five sick in Sawyer's family, and that they were in need of everything, that the nurse could not stay any longer,— and detailed to him the needs of the family, and told him that they would have to have help; that the chairman inquired what they needed most, and he told him a nurse, just then; that during this conversation he told the chairman that Sawyer's family was absolutely destitute, that they had no one to take care of

:them and nothing with which to hire any one to take care of them, that they had nothing to eat, that they were entirely destitute, that Sawyer was out of work, that his only means of support was taken from him, and that the town would have to take charge of this case and see that the family did not want; that the chairman said he would see to it that the family should not want whatever they needed, :that they should have whatever they required, and that the town would not see them want; that the chairman knew :that he (the plaintiff) was attending Sawyer's family as a physician; that after November 29, 1891, the plaintiff continued to treat Sawyer's family as such physician.

Upon such undisputed evidence, we think it was for the jury to say whether the supervisor so notified acquiesced in the employment of the plaintiff, or impliedly agreed that the town should pay for his services after such notice. This court has repeatedly held that the town may be liable for such support upon an implied contract. *Dakota v. Winneconne*, 55 Wis. 522; *Davis v. Scott*, 59 Wis. 604. Notice to one of the supervisors of the town liable seems to be sufficient, under R. S. sec. 1513.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.