Putney Brothers Co. vs. Milwaukee County.

PUTNEY BROTHERS COMPANY, Appellant, vs. MILWAUKEE COUNTY, Respondent.

*December 10, 1900 — January 8, 1901.*

*Counties: Paupers: Cure of inebriates: Ratification of unauthorized acts.*

1. Neither the county board nor any county officer has any authority, under our statutes, to incur any liability for medical treatment of a pauper to cure him of inebriety as a disease.
2. A county cannot ratify the unauthorized acts of its agents which are beyond the scope of its corporate powers.

APPEAL from an order of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

On November 20, 1899, the appellant filed with the county clerk of *Milwaukee County* a claim against said county in the sum of $130. This claim was for medical treatment, medicine, and board furnished by the Wisconsin Keeley Institute Company to one James Jelinck for the purpose of curing him of inebriety, and said claim was duly assigned to the appellant before presentation. The claim was disallowed by the board of supervisors, and the appellant thereupon appealed to the circuit court, where, by order of the court, a formal complaint was filed, which, after alleging the corporate character of the appellant and the defendant, further

alleged that the defendant has never had any institution for the treatment of inebriates, and now has no such institution; that on the 2d of September, 1896, one James Jelinck, a resident of *Milwaukee County*, was a pauper totally destitute of means, and was suffering from the disease known as inebriety, in the advanced stage; that on the said last-named date the said Jelinck was by the order of the county judge of *Milwaukee County* committed to the Wisconsin Keeley Institute (which was an institution equipped for the treatment of persons suffering from said disease), and that said Jelinck was thereafter treated by said Keeley Institute for said disease and cured of the same, which treatment extended for four weeks and was reasonably worth the sum of $130, including board and lodging; that said Jelinck was absolutely cured of said disease and is now a healthy, industrious, and prosperous man; that no part of said claim has been paid, and that the same was duly assigned to the appellant, which is now the lawful owner and holder thereof.

The complaint contained further allegations showing the proper presentment and disallowance of the claim by the county board, and the appeal from such disallowance, and, further, that the officers of the defendant county knew that said Jelinck was destitute and a pauper and was being treated by said Keeley Institute, and never objected to such treatment, and that said county received full consideration for said treatment, by reason of the cure of said Jelinck.

A general demurrer to this complaint was sustained, and from the order sustaining this demurrer this appeal is taken.

For the appellant there was a brief by *Ryan & Merton*, attorneys, and *Quarles, Spence & Quarles*, of counsel, and oral argument by *T. E. Ryan*. They cited *Rider v. Ashland County*, 87 Wis. 160; *State Board of Agriculture v. Citizens St. R. Co.* 47 Ind. 407; *Hitchcock v. Galveston*, 96 U. S. 341; Dillon, Mun. Corp. §§ 457, 464; *Alleghany City*

*v. McClurkan*, 14 Pa. St. 81; *Argenti v. San Francisco*, 16 Cal. 255; *Polk Co. S. Bank v. State*, 69 Iowa, 24; *Moore v. New York*, 73 N. Y. 238; *Seagraves v. Alton*, 13 Ill. 371; *Allen v. Cooper*, 22 Me. 133; *Wilson v. School Dist.* 32 N. H. 125.

For the respondent the cause was submitted on the brief of *Howard Van Wyck*, district attorney, and *A. C. Umbreit*, assistant district attorney.

WINSLOW, J. The complaint shows that Jelinck was committed to the Wisconsin Keeley Institute, to be cured of inebriety or habitual drunkenness, under the provisions of ch. 203, Laws of 1895. As this law was held unconstitutional by this court in the case of *Wisconsin Keeley Inst. Co. v. Milwaukee Co.* 95 Wis. 153, it is evident that no liability arose by reason of the commitment. This is admitted by the appellant, but it contends that it was the duty of the county to relieve and care for Jelinck, under sec. 1517, Stats. 1898, and that when this task has been performed by a private person, even without any previous commitment or contract, the county will be liable if its officers knew of the facts and made no objection and the pauper has been restored to health. The doctrine here invoked is that of ratification or estoppel.

There is considerable discussion, in the briefs, of the various statutes of the state with reference to the care and support of paupers, and the respective duties of towns and counties in that behalf, but we do not find it necessary to enter at length upon that field. The claim here is not for ordinary relief or care, but for the medical treatment of a pauper for what is termed inebriety, his board being simply a minor incident of the treatment. Neither the county board nor any county officer has authority under any specific statute to contract with a private person or corporation for such treatment and entail a liability therefor upon the county.

Inebriates may, indeed, be received into county asylums under certain restrictions (Stats. 1898, sec. 604c), and may be committed to a county poor house (sec. 1513), and the county become liable for their care in whole or in part, but the statutes seem to go no further.

Thus it appears that the legislature has provided certain methods by which inebriety or habitual drunkenness may be dealt with, and we think it plain that by prescribing certain methods it has excluded other methods, and that the general provisions requiring the county or town to care for and relieve paupers refer to necessary food, clothing, ordinary medical treatment, and the like, and not to medical treatment looking toward the cure of inebriety as a disease. There was, therefore, no authority resting in any officer or public body to incur the liability here claimed in the first instance. Such being the case, there can be no ratification by the county. A county cannot ratify the unauthorized acts of its agents which are beyond the scope of its corporate powers. *Frederick v. Douglas Co.* 96 Wis. 411.

*By the Court.*— Order affirmed.

BARDEEN, J., took no part.