COMMONWEALTH *vs.* CONNECTICUT VALLEY STREET
RAILWAY COMPANY.

Hampshire.    September 17, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Street Railway.    Elevated Railway.    Schools,* Public, Private.  *Commercial College.    Words,* " Public school," " Private school," " Pupils."

In R. L. c. 112, § 72, as amended by St. 1906, c. 479, which provides that the rate of fare charged by street and elevated railway companies to " pupils of public or private schools " shall not exceed one-half of the regular fare, the words " pupils of public schools " mean pupils of the schools regularly established in accordance with R. L. c. 42, §§ 1, 2, for the education of children and youth, which must be maintained throughout the Commonwealth and must be attended by all children of school age' who do not receive approved instruction elsewhere, and the words " pupils at private schools " mean pupils at private schools which are in the same class with the public schools, and include pupils at private schools which, in accordance with R. L. c. 44, § 2, have been approved by a school committee as furnishing instruction in the English language in all the studies required by the provisions of R. L. c. 42, § 1, which equals that in the public schools in thoroughness, in efficiency, and in the progress of the pupils under it.

Students at a commercial college owned and conducted by a private person for his own profit, in which are taught, among other subjects, telegraphy, shorthand, typewriting, bookkeeping, office practice, phonography, commercial law, penmanship, letter writing, English grammar, arithmetic and rapid calculation, and the average age of the pupils of which is from sixteen to nineteen years, the eldest being fifty years of age, are not " pupils of a private school " whom a street railway company must charge fares, under R. L. c. 112, § 72, as amended by St. 1906, c. 479, at a rate not exceeding one half the regular fare.

INDICTMENT under R. L. c. 112, § 72, as amended by St. 1906, c. 479, for a refusal by the defendant to sell to one Chapin, alleged to be a " pupil " at Northampton Commercial College, a ticket at one half the regular fare charged by it.  The indictment was found and returned in the Superior Court for the county of Hampshire June 13, 1907.

At the trial, which was before *Aiken,* C. J., the facts were agreed upon, and the presiding judge refused, *pro forma,* to give instructions requested by the defendant and directed the jury to return a verdict of guilty, and the defendant excepted. The facts are stated in the opinion.

*B. W. Warren,* (*C. R. Lamson,* with him,) for the defendant.

*R. W. Irwin,* District Attorney, for the Commonwealth.

KNOWLTON, C. J.    Under the R. L. c. 112, § 72, street railway companies are required to transport " pupils of the public schools" . . . while " travelling to or from the school houses in which they attend school," at a rate of fare not exceeding one half the regular fare charged for the transportation of other passengers between the same points. By the St. 1906, c. 479, this section was amended by the insertion of the words " or private," after the word " public," so that the requirement now applies to pupils of the public or private schools. The defendant refused to transport at this rate one Chapin, who was attending the Northampton Commercial College, which is an institution owned and conducted by a private person for his own profit, in which are taught, among other subjects, telegraphy, shorthand, typewriting, bookkeeping, office practice, phonography, commercial law, penmanship, letter writing, English grammar, arithmetic and rapid calculation. It had one hundred and eighty students, of an average age of sixteen to nineteen years, the eldest being fifty years of age. Forty of these were from towns in which the defendant operates its railway, and these forty were of the same average age. The eldest was twenty-nine years of age. An indictment having been found against the defendant for a violation of the law, the question arose at the trial whether Chapin was a pupil of a private school, within the meaning of the statute.

A preliminary question is, What is meant by the words " public schools" in this statute? Do they include all schools that are supported by taxation and are open to the public under reasonable regulations, or are they limited to schools which are a part of our system of compulsory education for children, and which must be maintained by cities and towns and be open to all children of proper qualifications, and must be attended by all children unless they are properly instructed elsewhere? The

general obligation of cities and towns to maintain schools of the latter description is set forth in the R. L. c. 42, § 1. The special obligation of cities and large towns to maintain high schools is a part of the general obligation imposed by § 1, and is stated specially in § 2 of the same chapter. The schools referred to in these sections are open, under proper regulations, to all the children of the city or town. R. L. c. 44, § 3. All children between the ages of seven and fourteen years are obliged to attend these schools regularly, unless they receive equivalent instruction outside of them. R. L. c. 44, §§ 1, 2. These schools are, in a strict sense, our public schools for the education of children. In different parts of our statutes they are referred to as " the public schools," in distinction from other schools maintained for the public at the public expense. Towns may establish and maintain industrial schools, nautical schools, evening schools for the instruction of persons over fourteen years of age, evening high schools for the instruction of such persons and schools in summer vacations. R. L. c. 42, §§ 10–12, 15, 16. Cities and towns containing a certain number of inhabitants are compelled by law to maintain some of these last mentioned schools. §§ 11, 12. Attendance upon any one or all of them cannot take the place of the attendance upon public schools required of children by the statute. See sections above cited. In the last part of § 10, an industrial school, although maintained for the public by taxation, is distinguished in terms from the public schools. There is a provision in § 27 of this chapter, that the school committee " shall have the general charge and superintendence of all public schools, industrial schools, evening schools and evening high schools." Here again " public schools " are distinguished from these other schools maintained at the public expense for the public benefit.

The regularly established schools for the education of children and youth which must be maintained everywhere, according to the size and ability of cities and towns, and must be attended by all the children of school age, unless they receive approved instruction elsewhere, constitute a system by themselves, and are referred to in different parts of the statutes as the public schools, in distinction from the others. They are the schools mentioned under that name in R. L. c. 42, § 49, which compels

the maintenance of a sufficient number of school houses " for all children . . . who are entitled to attend the public schools." In many other sections of the statutes, attendants upon the public schools are referred to as children.

The statute which we are now to interpret provides only for " pupils." The word " pupils," by derivation and the definition of lexicographers, is properly applicable to children and youth. Students in colleges and professional schools are not called pupils. There is much to show that the pupils of the public schools, referred to in the act, are only the children and youth who attend the day schools maintained under the R. L. c. 42, §§ 1, 2, 4, 8. The Legislature did not intend to provide in this chapter for the transportation of adults attending the evening schools or the evening high schools, nor for the " young men or boys " attending the nautical schools, nor for the persons attending the industrial schools, nor for the children attending vacation schools, in no one of which does attendance take the place of the regular attendance required by law in the public schools.

In the case of *Commonwealth* v. *Interstate Consolidated Street Railway,* 187 Mass. 436, the constitutionality of this statute was considered, and the decision was put upon grounds inconsistent with the contention that the schools for adults, established and maintained at the public expense, are public schools, within the meaning of the act. The statute was treated as an act in aid of the education of children in the regularly established public schools.

The form of the amendment shows that the private schools now included are only those which are *ejusdem generis* with the public schools previously mentioned. There are schools of theology, schools of law, schools of medicine, schools of dentistry, schools of music, of art, of architecture, of agriculture, and many others, which, in a broad sense, are private schools. Students in these schools are not in the same class with pupils in public schools, in reference to the purpose of this enactment. The public schools referred to are intended to provide general instruction for all children and youth. Even if they cover a broad field, they are not intended to take the place of technical schools, or of colleges, or of others of the higher institutions of learning.

In addition to the subjects specially designated in R. L. c. 42, § 1, the most advanced of the public schools are limited to such "subjects as may be required for the general purpose of training and culture, as well as for the purpose of preparing pupils for admission to the state normal schools, technical schools and colleges." These latter institutions are here recognized as of a different class from the public schools referred to in the same section. In R. L. c. 44, § 2, there is a provision for the approval of private schools by the school committee, when they furnish instruction in the English language in all the studies required by law, and when the instruction equals that in the public schools in thoroughness, efficiency, and in the progress of the pupils under it. A private school, properly approved under this section, is within the statute before us.

It is quite plain that colleges, technical and professional schools, and other institutions of learning which do not cover substantially the same field as the schools maintained under R. L. c. 42, §§ 1 and 2, are not within the statute.

We are of opinion that the students in the Northampton Commercial College are not pupils of a private school, such as are referred to in the St. 1906, c. 479.

*Exceptions sustained.*