JOHN QUEENY, Appellant, v. JOHN HIGGINS, WM. HAUN,
    WM. BALDWIN, H. YOUNT, HENRY MOORE, H. K.
    SENDT, J. O. FOGGLESON, J. BRANDON, J. W.
    MESSENGER.

Schools: TRANSPORTATION OF CHILDREN: MANDAMUS. · The question
    of transportation of pupils to and from public schools involves
    an exercise of judgment and discretion by the school board,
    and the remedy for one aggrieved by its action is appeal to the
    superintendent and not mandamus.

*Appeal from Harrison District Court.*— HON. A. B.
                THORNELL, Judge.

SATURDAY, DECEMBER 14, 1907.

ACTION in mandamus resulted in the dismissal of the
petition.   The plaintiff appeals.— *Affirmed.*

   *Cochran & Egan,* for appellant.

   *C. A. Bolter,* for appellees.

LADD, J.— According to the petition, the plaintiff re-
sides two and one-half miles from the schoolhouse, and has
a daughter of school age, to transport whom to and from
school the defendants, as the board of directors of the dis-
trict township, refused to enter into a contract with plaintiff
or any other person, and plaintiff is unable to furnish such
transportation without injury to himself.   He prayed that
a writ of mandamus issue requiring the board to provide
transportation for said child at the cost of the district.   A
demurrer on the ground that plaintiff's remedy is by ap-
peal to the county superintendent was sustained.   The peti-
tion also contained allegations concerning the establishment
of a highway, but the ruling on the demurrer as to these is

not questioned on this appeal. The point raised has reference to the last clause in section 2774 of the Code, which, after authorizing the board of directors to rent a room, employ a teacher in certain contingencies, and in others to contract with other districts for, the instruction of the children, reads: "And when there will be a saving of expense, and children will also thereby secure increased advantages, it may arrange with any person outside the board for the transportation of any child to and from school in the same or in another corporation, and such expenses shall be paid from the contingent fund." It will be noted the arrangement for transportation is to be made only when (1) it will result in a saving of expense and (2) in increased advantages to the children. These matters involve an investigation and determination by the board of directors, requiring the exercise of their judgment and discretion. This being so, the remedy, upon its refusal to make such an arrangement as contemplated, is by appeal to the county superintendent. *Preston v. Board of Education,* 124 Iowa, 355. Possibly, had the board actually found that a saving of expense would be effected and increased advantages secured by the transportation of children, it would be its duty to provide therefor. Ordinarily the word "may" is permissive, but it is often construed to be mandatory, and generally so when it is employed to delegate a power the exercise of which is important for the protection of public or private interests. *Van Shaack v. Robbins,* 36 Iowa, 201; Sedgwick on Statutory Construction, 438; 20 Am. & Eng. Ency. of Law (2 Ed.) 239. But the petition contains no allegation of such a finding, nor even that a saving of expense or increased advantages in fact would be effected thereby; so that, for all that appears, the directors never so found, and it may not be true, and therefore the plaintiff has not brought himself within the provisions of nor shown himself entitled to the benefits of the statute. Section 2823a, Code Supp.

1902, relating to compulsory attendance. at school, has no bearing on the question.

The ruling was correct, and the judgment is *affirmed*.