J. B. KRUSE, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF PLEASANT HILL et al., Appellees.

No. 39818.

NOVEMBER 21, 1929.

*Mallory & Leming,* for appellant.

*R. R. Stuart,* for appellees.

FAVILLE, J.—This cause is submitted on a stipulation of facts. The appellant and his family reside within the boundaries of the Independent School District of Pleasant Hill, in Franklin County. The appellant has six children in his family, part of

whom are eligible to attend high school, and as to them it is stipulated and agreed that the appellee district should pay to appellant the cost of the tuition and transportation.

Prior to January 1, 1928, the appellant herein was sending all of his children to school at the town of Chapin, outside of the appellee school district, and was personally paying their  tuition and the cost of transportation to said school. None of his children was in attendance at school in the appellee school district. On or about the first day of January, 1928, the appellees notified the appellant that they would be compelled to discontinue the school in said district unless appellant sent his children to said school. It appears that the average daily attendance in said school was less than five pupils. After said notice, the appellant continued to send his children to school at Chapin, and on or about the said first day of January, 1928, the appellee directors closed the school in said school district, for the reason that the daily average attendance in said school was less than five pupils. The appellant contends that, because of the closing of said school, he is entitled to an order of mandamus compelling the appellees to pay the tuition and the cost of transportation of his children to the school at Chapin.

Section 4231, Code of 1927, provides that:

"No contract shall be entered into with any teacher to teach any school in the school corporation when the average attendance in said school the last preceding term therein was less than five pupils."

Under the stipulated facts, the appellee board of directors was empowered, under the statute, to close said school unless it be that the children of appellant of school age who were then  residing with appellant in said school district are to be counted as pupils, thereby causing the number of pupils in said school to be in excess of five. Code Section 4232 provides as follows:

"If a school is closed for lack of pupils, the board of such school corporation shall provide for the instruction of the pupils of said school in another school as convenient as may be, and

shall pay to the secretary of the school corporation in which such children attend the average cost of tuition and other expenses in such school.''

Under Section 4231, it is provided that no contract shall be entered into with any teacher to teach any school ''when the average attendance in said school the last preceding term therein was less than five pupils.'' It is to be noticed that the power to close the school, under this provision of the statute, is predicated upon a situation ''when the average attendance in said school the last preceding term therein was less than five pupils.'' The power to close the school, under this section of the statute, is not predicated upon the question of the number of children in the district of school age. It is predicated upon the average attendance at said school at the last preceding term. Nothing is said in the statute about the number of children of school age residing within the school district. There may be more than five children of school age residing in the school district who, under the compulsory education law, are required to attend school somewhere. It is the number *in attendance at said school* at the last preceding term that is made the criterion and basis upon which the authority to close the school is predicated. The school in question was properly closed for lack of attendance of pupils in said school. Code Section 4232 provides that, if a school is closed for lack of pupils, the board shall provide for the instruction of the *pupils of said school* in another school. Appellant's contention is that his children, because they resided in said school district and are of school age, come within the provisions of this statute, and were ''pupils of said school.'' When Sections 4231 and 4232 are read together, it is clear that the power of the board to close the school for lack of pupils is because the average attendance in said school in the last preceding term was less than five. In said sections the reference is to ''pupils in said school'' and ''the pupils of said school.'' The appellant's children never were pupils of said school. A child, even of school age, residing in a school district, cannot, in any legal sense, be said to be a ''pupil in [or of] said school'' when such child never attends said school. A child of school age residing in a school district who is ill and unable to attend school is not a ''pupil in said school.'' A child who attends

a public, private, or parochial school outside a school district is a pupil of the school he attends, not of the school in his district which he does *not* attend.

Webster's New International Dictionary describes a pupil as: "A youth or scholar of either sex under the care of an instructor or tutor." The Standard Dictionary defines a pupil as: "A person of either sex, or of any age, under the care of a teacher." See, also, as bearing somewhat on the question, *Board of Commissioners v. Burkey*, 1 Ind. App. 565 (27 N. E. 1108), and *Commonwealth v. Connecticut Valley St. R. Co.*, 196 Mass. 309 (82 N. E. 19, 21).

In order to bring the appellant's children within the provisions of this statute, they must have been pupils of said school. This they never were. The appellees were not required to keep said school open for the benefit of appellant's children when they were not pupils in said school and did not attend the same, nor are they compelled to pay the cost of tuition and transportation of said children in some other school, because they were not "pupils of said school" which was closed.

The order of the trial court was right, and it is—*Affirmed.*

ALBERT, C. J., and DE GRAFF, KINDIG, and GRIMM, JJ., concur.

EVANS, J., not participating.