HENRY ALBRECHT, Appellee, v. INDEPENDENT SCHOOL DISTRICT et al., Appellants.

No. 41756.

John L. Cherny, for appellants.

Fred Rewoldt and McCoy & Beecher, for appellee.

CLAUSSEN, J.—In the year 1916, the Independent school district of Fairbank, Buchanan county, Iowa, contemplated the construction of a new school building. The board of directors of the district passed a resolution providing for the construction of the new building upon a new school site located relatively near one of the boundaries of the district. Objections were made to the establishment of the new site upon the ground that its location would require children living on the other side of the district to travel an unreasonable distance to attend school. Such objections were overruled by the board of directors, and from such action an appeal was taken to the county superintendent, who approved the action of the board. An appeal was taken from such approval to the superintendent of public instruction. The superintendent of public instruction affirmed the decision of the county superintendent, but incorporated the following paragraph in his order of affirmance, to wit:

"It is hereby ordered that the Board of Directors of the Independent District of Fairbank make suitable provision for the transportation of children attending the public school or that a reasonable allowance be made to Mr. Dietz and all other patrons in the district residing more than two miles from school in said district, who desire such assistance."

It is evident that, upon the affirmance of the order by the superintendent of instruction, the new building was constructed upon the new site, and that for many years the district either furnished or arranged for the transportation of pupils attending the school who resided a distance of more than two miles from the school. Plain-

tiff is a tenant farmer residing upon land belonging to the original objector. It appears that his children were transported to the school at the expense of the district for some time. In 1929 the board of directors adopted a resolution directing that notice be given plaintiff that no more transportation would be paid to him or anyone else. Subsequent to such resolution, no further transportation was paid or allowed on account of attendance of plaintiff's children at school. An appeal was taken from the action of the board of directors cutting off the allowance of transportation to the county superintendent, who affirmed the action of the board. From such affirmance by the county superintendent an appeal was taken to the superintendent of public instruction, and upon hearing the order appealed from was affirmed. Plaintiff then brought this suit to obtain a mandatory order requiring the school district to transport his children from their home to the schoolhouse. The trial court ordered that a mandatory writ issue requiring the defendant to transport plaintiff's children as prayed, and from such order this appeal is taken.

I. The appeal presents but one question. If the order of the superintendent of public instruction made in 1916 requiring the school district to transport children residing at a distance of more than two miles from the building is void, plaintiff is entitled to no relief in this action.

The resolution of the board adopted in 1916 in relation to the location of the new school building contained no provisions in regard to the transportation of children. The first mention made in the proceedings in 1916 concerning the transportation of children is found in the order of the superintendent of public instruction. The provisions under which appeals are taken from the actions of boards of directors to the county superintendent and to the superintendent of public instruction are found in chapter 219 of the Code (section 4298 et seq.). By section 4300 of the Code it is provided that, upon appeal to the county superintendent, "he shall make such decision as may be just and equitable". It is provided by Code, section 4302, that an appeal may be taken from the decision of the county superintendent to the superintendent of public instruction, and that the decision of the superintendent of public instruction when made shall be final. The jurisdiction conferred by these sections upon the county superintendent and the superintendent of public instruction is appellate. The question under consideration is ruled by the decision of this court in the case of Doubet v. Board

of Directors of Independent District, 135 Iowa 95, 111 N. W. 326, 327. The case was decided in 1907, and references to Code sections contained in the following quotation are to the Code of 1897. In that case this court said:

"The decision below was based upon two grounds: First, that the decision of the state superintendent was final; and, second, that there was no such change in conditions after the decision of the state superintendent as justified the board in making the last order. It is true, of course, that the decision of the state superintendent is final upon any matter properly before him and within his jurisdiction, and it is also correct to say that ordinarily the change of conditions which will justify a board in selecting a new site must occur after the decision of the case before the state superintendent. See Code section 2820, and Carpenter v. Ind. Dist., 95 Iowa 303, 63 N. W. 708. But the decision of both the county and the state superintendents must be within their respective jurisdictions in order to be binding upon any one. Primarily the location of a school site is within the exclusive jurisdiction of the school board. Code, section 2773. Appeal may be taken to the county superintendent, and from him to the state superintendent (Code, sections 2818, 2820), and, in either case, such decision shall be made upon appeal 'as is just and equitable.' Neither the county nor the state superintendent exercises original jurisdiction. That power is conferred upon the school board, and upon it alone. Upon appeal the action of the board is reviewed, and either reversed or affirmed, or such action taken in the premises as the school board should have taken in the matter. This, however, does not mean that either the county or the state superintendent may independently and upon his own motion usurp the powers of the board, and make such an order as the board might have made. No original action may be had by either official. He acts as an appellate tribunal only. This is fundamental. Doolittle v. Shelton, 1 G. Greene, 271. This decision does not, it is true, relate to the appellate powers of a superintendent of public instruction, but the rule announced is applicable to all appellate procedure. Other courts have applied it to the orders and decisions of school superintendents. See Knight v. Woods, 129 Ind. 101, 28 N. E. 306; Davis v. Humphrey, 21 Ky. Law Rep. 660, 52 S. W. 946.

"We may assume, without deciding, that both the county and the state superintendents had authority to determine as between two

sites presented to the board of directors for selection; but neither had authority to establish a new site, although part of it included one of the sites involved upon the appeal. Nor may new conditions be imposed, which were not presented to and acted upon by the board of directors. This is not the exercise of appellate jurisdiction. We think the order made by the county superintendent, and approved by the state superintendent upon appeal to him, was without authority, and was not binding upon the board. None of the cases cited and relied upon by the appellee run counter to the views herein expressed."

Under the facts, the part of the order of the superintendent of public instruction requiring the transportation of children was in excess of the jurisdiction of the superintendent, and is void. In that such part of the order is void, no rights can be based upon it. Plaintiff's demand for relief is made to depend upon the validity of the order of the superintendent of public instruction requiring the transportation of children residing at a greater distance than two miles from the school. It follows that plaintiff is entitled to no relief. The decree of the trial court is reversed.—Reversed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.