W. J. RIECKS, Appellee, v. INDEPENDENT SCHOOL DISTRICT of Danbury, Appellant.

No. 42483.

DECEMBER 11, 1934.

Weir Murphy, for appellant.

O. P. Bennett, and C. E. Wittenmeyer, for appellee.

STEVENS, J.—The most difficult problem presented upon this appeal is the interpretation of the record before us. A jury was waived and the cause tried to the court upon a stipulation of facts. It appears from such stipulation that appellee resides upon a farm something over two miles from the school located in the town of Danbury, and that he is the father of three children of school age. The rural school near which he resides was closed and the next nearest public school is the school maintained in the town of Danbury.

The answer admits all of the allegations of the petition, except it denies that appellee is entitled to recover compensation at the rate of one dollar per day for each day that he transported his children to the Danbury school. It is, however, stipulated that the compensation claimed is reasonable.

The right of appellee to maintain this action is challenged only upon the theory that the district court was without jurisdiction of the subject-matter, and this for the reason that appellee's sole remedy, if any, was by appeal from the decision of the board of the appellant district to the county superintendent.

The duty of school boards to provide transportation for children of school age to and from school is purely statutory and, of

course, is limited by the terms of such statute. In the absence of statute, no such duty would exist. We must, therefore, look to the statute to ascertain just what the duty of the appellant with reference to the transportation of appellee's children in this case was. We assume that appellant is not a consolidated independent school district.

It is provided, however, by section 4231 of the Code of 1931, that no contract shall be entered into with any teacher to teach a school when the average daily attendance for the last preceding term was less than five resident pupils of school age. It is provided by the succeeding section that, if a school be closed for lack of pupils, the board of such school corporation shall provide for the instruction of the pupils of said school as convenient as may be, and shall pay to the secretary of such school corporation to which such pupils are sent the average cost of tuition. Section 4233, which deals with the subject of transportation in such cases is as follows:

"In all districts where school has been closed as provided in the preceding section, transportation shall be provided as in consolidated districts for any child residing more than two miles from the nearest school, or the board may allow to the parent or guardian of such child a reasonable sum for transporting him to and from school, but in exceptional cases the county superintendent may require the transportation of children for a less distance."

A question is raised in this case as to whether the children of appellee resided more than two miles from the Danbury school. The stipulation we deem conclusive on this point. The distance which appellee's children would be compelled to travel from their home to Danbury was slightly in excess of two miles. Prior to the rendition of the services for which appellee demands compensation, a request was presented to the board of appellant district for the transportation of his children to school. The request merely recited that the rural school near which he resided was closed. Nothing is said therein as to the reason for the school being closed. Such is the allegation of the petition which was not attacked by motion or demurrer. It is, of course, obvious that no duty rested upon appellant to provide transportation to school for children of appellee unless such school was closed for the reason specified in section 4232, that is, because of the lack of pupils. This is true, notwithstanding other statutory provisions requiring transportation, such

as sections 4181, 4375, and 4376 of the Code. The record in this case does not in terms disclose that the rural school near which appellee resided was closed because it did not have the required number of resident pupils.

The obscurity with which the propositions relied upon by appellant for reversal are surrounded leaves the court in doubt as to whether or not the sufficiency of the showing made under the foregoing statute is challenged by him. Apparently, the reliance of appellant for reversal is predicated wholly upon the proposition that appellee's remedy, if any, was by appeal to the county superintendent from the refusal of the board of appellant school district to provide transportation for his children, and that the district court was, for this reason, without jurisdiction of the action to recover the alleged reasonable value of the services alleged to have been performed by him in transporting his children to school. If it be assumed that the school near which appellee resided was closed for the reasons provided by the statute, then the duty of the district in which he resided to provide transportation for his children of school age would seem quite clearly to be mandatory. The duty in such case imposed upon the district in which the school has been closed for lack of pupils is to provide transportation as in the case of consolidated districts.

The board may perform this duty by providing facilities of its own for the transportation of pupils residing more than two miles from the nearest school, or it may allow reasonable compensation to the parent or guardian of such child or children for the transportation thereof. The discretion confided to the board in such case is limited solely to the determination of which of the two methods clearly designated in the statute it will adopt—the duty is mandatory. Whether appellee without any form of contract or arrangement with the board may maintain an action at law to recover the alleged reasonable value of the services alleged to have been rendered is not, as we interpret the record, before us, and we, therefore, express no opinion thereon. The question is not raised by appellant's assignment.

The sole ground upon which it is contended by appellant that the court was without jurisdiction is that the remedy of appellee, if any, was by appeal from action of the school board to the county superintendent. There is an assertion in the argument of appellant that the school near which appellee resided was not closed because

of the lack of the necessary number of pupils, but for the purpose of erecting a new schoolhouse. The recital is based upon nothing appearing in the record. Appellee's petition is silent on this question, but was not assailed in any way. The sufficiency of the evidence to sustain the judgment below upon the ground that it fails to show that the rural school was not closed under the provisions of the statute is not raised in the statement of propositions relied upon for reversal; certainly not in terms, and, if at all, by the merest implication. The burden was, of course, upon appellee to make out a case under the terms of sections 4231, 4232, and 4233 of the Code. This, clearly, he failed to do by direct proof, but we are, however, inclined, in the state of the record before us, to hold than an inference to that effect might have been drawn from the record. The stipulation of the parties is very definite and specific as to the distance between various designated points and the school in Danbury. The materiality of this exists only in the fact that, to entitle appellee to have his children transported to school under the statute, the distance from his residence thereto exceeds two miles. This was true only because of the statute. Apparently, the case was tried below upon the theory that the provisions of the statute referred to were applicable to the facts and controlling in the case. The court is of the opinion that the necessary inference might properly have been drawn by the trial court that the school was closed for the statutory reasons. Although upon the record it is not material to the present controversy, the court deems it essential to state that the duty to provide transportation rests upon the district in which the school has been closed and not upon the district in which the pupils attend school.

Coming now to the main proposition relied upon by appellant and discussed by counsel, that is, that the sole remedy of appellee was by appeal from the decision of the board to the county superintendent, we need only call attention to a few of the prior decisions of this court. If the duty imposed upon the school corporation which has closed its school because of the lack of the requisite number of pupils to provide transportation is mandatory, then appeal to the county superintendent was not the proper remedy. It is only in cases in which the county superintendent is called upon to review a decision of the board involving a matter of discretion, and not a duty imposed by law, that appeal from such decision of the board to the county superintendent is necessary. Perkins v.

106

Board of Directors Ind. Sch. Dist., 56 Iowa 476, 9 N. W. 356; Burkhead v. Independent Sch. Dist., 107 Iowa 29, 77 N. W. 491; Preston v. Board of Education, 124 Iowa 355, 100 N. W. 54; Queeny v. Higgins, 136 Iowa 573, 114 N. W. 51; Knowlton v. Baumhover, 182 Iowa 691, 166 N. W. 202, 5 A. L. R. 841; Schultz v. Consolidated Ind. Sch. Dist., 200 Iowa 293, 204 N. W. 281; Courtright v. Consolidated Ind. Sch. Dist., 203 Iowa 26, 212 N. W. 368; Kruse v. Independent Sch. Dist., 209 Iowa 64, 227 N. W. 594; Security Nat. Bank v. Bagley, 202 Iowa 701, 210 N. W. 947, 49 A. L. R. 705; Albrecht v. Independent Sch. Dist. of Fairbank, 216 Iowa 968, 250 N. W. 129; Hibbs v. Independent Sch. Dist., 218 Iowa 841, 251 N. W. 606.

The duty of the school corporation in this case to provide transportation was clearly mandatory. Whether the action brought is a proper one, or whether any remedy was available to appellee, we need not at this time determine, but see Kruse v. Independent Sch. Dist., supra.

What is decided in this case is limited strictly to the propositions properly before the court. The uncertainty and indefiniteness of the record necessarily result in confusion as well as possible misinterpretation thereof. This case is determined solely upon the single proposition that appeal to the county superintendent from the action of the school board refusing to provide transportation for the children of appellee was neither the necessary nor proper procedure. For the reasons already indicated, the judgment of the district court is affirmed.—Affirmed.

MITCHELL, C. J., and KINTZINGER, DONEGAN, ALBERT, ANDERSON, and EVANS, JJ., concur.