Plaintiff alleged in his petition that he was a resident of defendant school district. He further alleged:
"2. That the daughter of the plaintiff, to-wit, Lucille Bruggeman, has attended school at the schoolhouse in the defendant school district from the 21st day of March, 1934, to the first day of June, 1937; that the distance from the home of the plaintiff to the said schoolhouse in the defendant district exceeds the distance of 2 1/2 miles and under the provisions of section No. 4233-e4 of the 1935 Code of Iowa, this plaintiff is entitled to reimbursement from the defendant for the expense of the transportation of his daughter, Lucille Bruggeman, to the school in the defendant school district from the 21st day of March, 1934, to the first day of June, 1937.
"3. That plaintiff has made demand upon the defendant for said transportation and that the defendant at all times has refused and neglected to provide for or arrange for the transportation of plaintiff's child.
"4. That this plaintiff has transported his daughter to the school in the defendant district during the period hereinbefore stated and that the reasonable value of said transportation is the sum of $25.00 per month during each month of the school year.
"5. That by reason of said facts the defendant is indebted to the plaintiff in the sum of $733.33."
Plaintiff filed an amendment to his petition alleging that he made a demand for transportation as set forth in paragraph 3 of his petition prior to the 21st day of March, 1934, and thereafter, and defendant refused and neglected to provide or arrange for transportation of plaintiff's child other than the transportation furnished by the plaintiff. The amendment further stated:
"7. That plaintiff provided and furnished the said transportation with the knowledge of the defendant.
"8. That said transportation was provided for under an implied contract between plaintiff and defendant to transport said child and that plaintiff would receive therefor the reasonable value of said transportation."
 Code section 4233-e4 reads: *Page 664 
"4233-e4. Transportation. When children enrolled in an elementary school other than in a consolidated district live two and one-half miles or more from the school in their district or subdistrict or when the school in their district or subdistrict has been closed and they are thereby placed more than two miles from the school designated for their attendance, the board shall arrange with any person outside the board for the transportation of such children to and from school and the cost of such transportation shall be paid from the general fund, but the board may provide transportation for a less distance."
[1] I. Appellant's first proposition is that though defendant is a quasi corporation, the statute imposed a mandatory duty on the board, and as nothing was left to the board's discretion, the mandatory duty to provide transportation was a ministerial rather than a governmental function.
Appellant states:
"No discretion was left for the defendant other than to pay the cost of said transportation; they refused and plaintiff is therefore entitled to recovery in an action at law. Governmental exemption could not protect them from the said payment."
While the duty of defendant to provide transportation for pupils living 2 1/2 miles or more from the schoolhouse was mandatory, this duty was not a mere ministerial function as the transportation of pupils to and from school is a governmental function though the duty to transport is mandatory.
In the case of Kincaid v. Hardin County, 53 Iowa 430, l.c. 432,5 N.W. 589, 590, 36 Am. Rep. 236, the court states:
"These latter political divisions [townships, counties and school districts] are called quasi corporations, and the general rule of law is now well settled that no action can be maintained against corporations of this class by a private person, for their neglect of public duty, unless such right of action is expressly given by statute. * * * The ground upon which it is held that quasi corporations, such as counties, towns, school districts and the like, are not liable for damages in actions of this character is that they are involuntary territorial and political divisions of the State, created for governmental purposes, and that they give no assent to their creation." *Page 665 
In Shirkey v. Keokuk County, 225 Iowa 1159, 1171, 275 N.W. 706,712, 281 N.W. 837, Justice Parsons, in an able and exhaustive review of the decisions of this court, states, in reference to non-contract liability of quasi corporations, that:
"The absolution from liability of a county or school district, does not rest upon this ground [governmental function]; it rests upon the ground that the county or school district is simply a quasi corporation and not clothed with full corporate powers, and it cannot be sued in cases of this character without regard to the question whether or not they are in the exercise of a governmental power or duty."
Assuming that this duty was a ministerial function, appellant has no cause of action against defendant based on its neglect and wrongful refusal to furnish free transportation for appellant's child.
[2] II. The claim of appellant that the demurrer admitted he provided the transportation under an implied contract with defendant is without merit. A demurrer does not admit the truth of a conclusion of law.
[3] Implied contracts are implied in fact or implied in law. A meeting of the minds is as necessary to a contract implied in fact as to an express contract.
In Thompson Yards v. Haakinson Beaty Co., 209 Iowa 985, 989,229 N.W. 266, 268, it is stated:
"To the existence of an implied contract there must be a meeting of the minds, — agreement. The agreement, however, is shown by circumstances, instead of by mutually expressed intent. The difference between implied and express contract is in method of proof."
There is no allegation in the petition that the defendant consented to, approved of or ratified the transportation furnished by appellant.
The mere knowledge by defendant that appellant was providing transportation was not a sufficient circumstance or conduct to warrant an inference that payment for the services was intended by the parties. Defendant was not in a position to reject the services of the appellant. No reasonable implication of a promise to pay appellant for transportation or that appellant reasonably expected compensation can be found in appellant's *Page 666 
demand for transportation, defendant's refusal, or appellant's consequent transportation of his child with the knowledge of the defendant. We conclude that appellant cannot recover against defendant on a contract implied in fact.
[4] III. The remaining question for determination is whether appellant can recover under quasi contract or a contract implied in law. A quasi contract is not based on the intention or consent of the parties but is founded on considerations of justice and equity and often on the doctrine of unjust enrichment.
In the language of the trial court "the fundamental question involved in this case is whether where a governmental agency is charged with a mandatory governmental duty, may any one who is deemed to have that duty owing to him, after making demand upon such agency for the performance thereof, then proceed to perform such governmental function and then sue such agency at law for the reasonable cost of performing the same, or whether such person so aggrieved by such refusal is confined to the remedy of mandamus."
In Riecks v. Independent School District, 219 Iowa 101, 104,106, 257 N.W. 546, 548, plaintiff brought an action to recover the reasonable value of services for the transportation of his children to the school in defendant's district. The only proposition on appeal was that appellee's sole remedy was by appeal from the decision of the school board to the county superintendent. The court left open the question of the right of plaintiff to maintain the action in the following language:
"Whether appellee without any form of contract or arrangement with the board may maintain an action at law to recover the alleged reasonable value of the services alleged to have been rendered is not, as we interpret the record, before us, and we, therefore, express no opinion thereon. The question is not raised by appellant's assignment. * * *
"The duty of the school corporation in this case to provide transportation was clearly mandatory. Whether the action brought is a proper one, or whether any remedy was available to appellee, we need not at this time determine, but see Kruse v. Independent Sch. Dist., supra."
Kruse v. Independent School District, 209 Iowa 604,227 N.W. 594 was an action of mandamus to compel directors of *Page 667 
the school district to pay transportation and costs of transportation of plaintiff's children.
In Snethen v. Harrison County, 172 Iowa 81, 85, 152 N.W. 12,13, the court quotes at length from the case of Soper v. Henry County, 26 Iowa 264. The quotation in part is as follows:
"`Counties are involuntary political or civil divisions of the state, created by general statutes, to aid in the administration of government. They are essentially public in their character and purposes. They are simply governmental auxiliaries, created bodies corporate "for civil and political purposes only." Rev. 221. To the statute they owe their creation, and the statute confers upon them all the powers which they possess, prescribes all the duties which they owe, and imposes all the liabilities to which they are subject.'"
In Riecks v. Independent School District, 219 Iowa 101, 102,257 N.W. 546, 547, the opinion states:
"The duty of school boards to provide transportation for children of school age to and from school is purely statutory and, of course, is limited by the terms of such statute. In the absence of statute, no such duty would exist."
Defendant, a quasi corporation, a creature of the legislature, is endowed only with the powers bestowed upon it by statute. It has no power or discretion to act in regard to transportation of pupils, except in conformity with section 4233-e4.
In Schmidt v. Blair, 203 Iowa 1016, 1021, 213 N.W. 593, 595, the court states in reference to the statutory power of school districts to provide transportation:
"No discretion is conferred upon the board to expand this delegation of power. The power actually conferred is extraordinary, from any point of view. It has been carefully hedged about, so as to forbid, rather than to invite, expansion."
No authority is given defendant by Code section 4233-e4 to compensate a parent in lieu of providing transportation for his children. The sole power of defendant under the statute was to "arrange with any person outside the board for the transportation of such children."
The section further provides "the cost of such transportation *Page 668 
[under an arrangement] shall be paid from the general fund." The legislature contemplated that the board would exercise its judgment and discretion in the selection of a trustworthy person to perform this important service for the pupils. It did not contemplate that the costs of transportation be paid except when the transportation was furnished under an arrangement with the board.
We think the legislature intended that an arrangement with the board was prerequisite to the right to transport pupils of the district and receive compensation. The remedy of mandamus was available to appellant to compel defendant to perform such mandatory duty, to make the arrangement contemplated by the statute.
Appellant volunteered his services in transporting his child. If he had the power to select himself, he had the power to hire any other person to furnish transportation. A concession of this authority to appellant would suggest that if the school board failed to perform any one of its many statutory, mandatory duties, such as the determination of the number of schools to be taught and the hiring of teachers, interested persons could perform such duties with the same force and effect as if performed by the board.
To indulge the fiction of a promise to pay compensation to appellant in a case of this character would violate the terms of the statute, the intention of the legislature, "invite expansion" of the "extraordinary" obligation of a school district to furnish free transportation and establish a precedent that would result in hopeless confusion in the administration of our schools. We quote from the able memorandum opinion of the learned trial court:
"Therefore, it would seem that in the final analysis, the question resolves itself into a question of policy, as to whether the greater public good would be served by the resort to the fiction of a contract where a statute places a mandatory duty upon a public agency engaged in a governmental function and that body fails to perform that function, and a person properly interested therein then performs that function and then sues such agency at law for the reasonable cost of performing the same, or whether the greater public good would be served by not resorting to such fiction." *Page 669 
The following cases in other jurisdictions sustain our conclusion that in a case of this character, and under the circumstances disclosed by appellant's petition, a school district is not liable for compensation on a contract implied in law and that the proper remedy of appellant was an action of mandamus: Johnson v. School District, 159 Minn. 226,198 N.W. 463; Noble v. Williams, 150 Ky. 439, 150 S.W. 507, 42 L.R.A., N.S., 1177; Taylor v. School District, 60 Mo. App. 372; Patrick v. Baldwin, 109 Wis. 342, 85 N.W. 274, 53 L.R.A. 613; Buxton v. Chesterfield, 60 N.H. 357; Macclesfield Corp. v. Great Central R.R. Co., [1911] 2 K.B. 528.
In Noble v. Williams, supra, the opinion states:
"According to the allegations of the petition the appellants, the plaintiffs, were hired to teach the public school in Jackson, Kentucky, for the fall term of 1908. The school board failed to pay rent for the schoolhouse, to buy the coal, to furnish the seats, crayons, blackboards, and the like, incident and necessary to the conduct of the school. Plaintiffs allege that they in order to conduct the school, were obliged to and did pay the rent and buy the supplies. They allege no request by the school board that they should do so, nor any promise by the board to reimburse them. They sought to recover, nevertheless, against the appellee board for these expenditures. The circuit court sustained a demurrer to their petition and they appealed.
"The circuit court was right. The teachers, in contracting and paying these obligations, were volunteers. No man entirely of his own volition can make another his debtor. The school board could have been required by mandamus at the suit of any proper party to furnish a place for the conduct of the school. The teachers had no right to supply it themselves and then recover their rent."
In Patrick v. Town of Baldwin, supra, the court states [109 Wis. 342, 85 N.W. 278, 53 L.R.A. 613]:
"The statute creates a liability to relieve destitute persons, but not a liability to individuals who may voluntarily perform that service. It empowers appropriate agents of municipalities to make their liability effective by all necessary contracts to that end, and imposes upon such agents the duty to exercise such power. If they refuse to do so, they are doubtless amenable *Page 670 
in some way for such misconduct, but the law gives no private person the right to perform the duty of such officers. Otis v. Strafford, 10 N.H. 352. Performance of that duty by the person designated by law is absolutely essential to create a binding obligation upon the municipality to compensate one for relieving a poor person, legally entitled to relief at its expense."
In Johnson v. Unorganized School District, 159 Minn. 226,198 N.W. 463, the opinion, after holding that the case was not one where a contract for transportation of children could be implied from the conduct of the parties, states:
"Neither is it a case for the imposition upon defendant of a quasi contractual obligation. There was no request by it that the services be performed. So far as it took any corporate action, it decided that the services should not be performed. Therefore, plaintiff must be considered as a mere volunteer and denied recovery."
The cases of Eastgate v. Osago School District, 41 N.D. 518,171 N.W. 96, and Sommers v. Board of Education, 113 Ohio St. 177,148 N.E. 682, support appellant's contention. It will be observed in the Eastgate case that the judge who wrote the opinion cites no cases to support it. Two other judges concur in the result and in a concurring opinion cite cases which do not tend to support the conclusion they reach.
In a dissenting opinion, written by Chief Justice Christiansen, it is stated [41 N.D. 518, 171 N.W. 100]:
"Nor does it follow that the voluntary performance of such services creates an implied promise on the part of the school district to pay therefor. On the contrary, the great weight of authority seems to sustain the proposition that a public corporation cannot be held liable as upon an implied contract for services under such circumstances."
Appellant cites Dermit v. Consolidated School District,220 Iowa 344, 261 N.W. 636, and Tow v. Dunbar Consolidated School District, 200 Iowa 1254, 206 N.W. 94. In each of these cases a recovery was allowed against a school district for the reasonable value of the transportation of children by the parent. *Page 671 
Counsel are not in agreement on the theory on which recovery was allowed.
There is language in each decision that is not in harmony with the conclusions we have reached in this case. However, it appears from a reading of the cases that the defenses to the action in the instant case were not interposed in said cases and they cannot be considered as authority in support of appellant's claim.
We are of the opinion that defendant's position is supported by the greater weight of authority. We find no considerations of equity, justice or public policy in this case that would authorize a recovery against defendant on a quasi contract. — Affirmed.
OLIVER, C.J., and SAGER, HAMILTON, BLISS, MILLER, HALE, MITCHELL, and RICHARDS, JJ., concur.